IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEVEN A. WESOLEK,**
D.O.C. # C06748,

    **Plaintiff,**

vs.                                     Case No. 4:25-cv-110-MCR-MAF

**SGT. STRAWN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, was granted provisional leave to proceed in forma pauperis (IFP) in this civil rights case but has failed to pay the initial partial filing fee. He has also failed to file an amended complaint and submit a signed prisoner consent form. Because Plaintiff has failed to comply with a court order, failed to pay the assessed fee, and failed to prosecute this case, dismissal is warranted.

Plaintiff initially filed a civil rights complaint and IFP motion on March 6, 2025 by prison mailbox rule. ECF Nos. 1, 2. The complaint was legally insufficient. On March 26th, the Court provisionally granted Plaintiff's IFP motion and assessed an initial partial filing fee of $131.00 pursuant to 28 U.S.C § 1915(b)(1)(A). ECF No. 4. He was ordered to submit the required prisoner consent form, an amended complaint, and the assessed fee by April

28th. Id. The required forms were provided to him. Plaintiff was also informed that if he was unable to pay the assessed fee, he was required to "submit a current trust fund account statement demonstrating how funds have been depleted along with a motion requesting permission to proceed without payment of the assessed fee." Id. at 6-7. Plaintiff was warned that failure to comply by the deadline would result in a recommendation of dismissal. Id.

On April 14th by prison mailbox rule, Plaintiff filed a motion for an extension of time seeking an additional fifteen days to comply. ECF No. 5. This was granted. ECF No. 6. The new deadline for Plaintiff's amended complaint, signed prisoner consent form, and either the initial partial filing fee or a motion to proceed without the fee was May 13th. Id.

On April 29th by prison mailbox rule, Plaintiff filed a "motion to stay of abeyance," ECF No. 7, and a conditional "motion for voluntary dismissal," ECF No. 8. Plaintiff's filings explained that he intended to file a motion to proceed without payment of the initial partial filing fee but his most recent account statement would not be issued until May 1st. ECF No. 8. Plaintiff requested this Court "hold the motion for voluntary dismissal in abeyance pending Plaintiff's ability to abide by the [amendatory order] on [the] ordered date or by the date requested in the motion to extend time." ECF No. 7 at 3. Alternatively, if the Court denied Plaintiff's request for extension of time,

Plaintiff requested the Court "immediately adopt and file the voluntary dismissal." Id. at 3. Because the Court had already granted Plaintiff's motion to extend time, it denied both of Plaintiff's motions as moot. ECF No. 9.

The extended deadline to comply was May 13th. A month has now passed and nothing has been received from Plaintiff. There has been no returned mail. A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989); see also Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). The Eleventh Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Id. Failure to pay an assessed initial partial filing fee is also grounds for dismissal. Wilson v. Sargent, 313 F.3d 1315, 1322, n.7, (11th Cir. 2002) *(citing* Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir. 1983)).

Here, Plaintiff was forewarned that a recommendation would be entered to dismiss this case if he failed to submit the assessed partial filing fee or a motion to proceed without payment of the fee, amended complaint, and prisoner consent form. Because Plaintiff has failed to respond to a court

order, failed to pay the assessed initial partial filing fee, and failed to prosecute this case, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida on June 10, 2025.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**